Connecticut Local Form Chapter 13 Plan                                                                                                    7/2024

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

**CHAPTER 13 PLAN**

**Fill in this information to identify your case:**

Debtor 1*: Sarah (First Name)  M. (Middle Name)  Young (Last Name)

Social Security Number: XXX - XX - 6 1 2 1
(Enter only last 4 digits)

Debtor 2* Spouse, if filing: ___ (First Name)  ___ (Middle Name)  ___ (Last Name)

Social Security Number: XXX - XX - ____
(Enter only last 4 digits)

Case number (If known): 24-50550 (JAM)

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

■ Original Plan

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors by the Debtor and a certificate of service shall be filed with the Clerk.

"Collateral" as used in this Chapter 13 Plan means the property securing a claim.

If the Debtor intends to determine the secured status of a claim pursuant to 11 U.S.C. § 506, or if the Debtor intends to avoid the fixing of a lien that impairs the Debtor's exemption pursuant to 11 U.S.C. § 522(f), then the Debtor must do two things: (1) indicate the Debtor's intention in this Chapter 13 Plan in the space below; and (2) file a separate motion pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) following the Contested Matter Procedure or local rules adopted after December 1, 2017. If a separate motion is not filed then the Debtor will not be entitled to relief pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f).

The Debtor must check the appropriate box (Included or Not Included) in the chart below. If an item is checked as "Not Included," or if both boxes are checked, the provision will be ineffective if later set out in this Chapter 13 Plan.

| | | |
|---|---|---|
| The valuation of a secured claim pursuant to 11 U.S.C. § 506, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f), set out in Section 3.3. | ☐ Included | ■ Not Included |
| Assumption or rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, set out in Section VI. | ☐ Included | ■ Not Included |

| | |
|---|---|
| To Creditors: | Your rights may be affected by this Chapter 13 Plan. **You must file a timely proof of claim in order to be paid**. *See* Fed.R.Bankr.P. 3002. Your claim may be modified or eliminated. You should read this Chapter 13 Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.<br><br>If you oppose the Chapter 13 Plan's treatment of your claim or any provision of this Chapter 13 Plan, you or your attorney must file an objection to confirmation **no later than 7 days before the date set for confirmation of the Chapter 13 Plan**, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Chapter 13 Plan without further notice if no objection to confirmation is filed. *See* Fed.R.Bankr.P. 3015.<br><br>This Chapter 13 Plan does not allow claims. The fact that your claim is classified in this Chapter 13 Plan does not mean that you will receive payment. |
| To All Parties: | The Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII. The Debtor must check one box in the chart below indicating whether any non-standard provision is Included or Not Included in Section VII of this Chapter 13 Plan. |

| | | |
|---|---|---|
| Non-standard provisions, set out in Section VII. | ☐ Included | ■ Not Included |

| II. | **PLAN PAYMENTS AND LENGTH OF PLAN** |
|---|---|

The Debtor shall submit all or such portion of future earnings or other future income of the Debtor to the supervision and control of the Chapter 13 Standing Trustee as is necessary for the execution of this Chapter 13 Plan as required by 11 U.S.C. § 1322(a)(1). Payments by the Debtor will be made as set forth in this Section II. Debtor(s) shall make the first Plan payment no later than thirty [30] days after the date the Petition was filed.

### 2.1 Payments to Chapter 13 Standing Trustee.

Is this a modified plan?    ☐ Yes    ■ No

The Debtor will make equal monthly payments to the Chapter 13 Standing Trustee as follows:

$ 1,060.00 per month for 60 months. Total $ 63,600.00

If fewer than 60 months of payments are specified, additional monthly payments may be made to the extent necessary to make the payments to creditors specified in this Chapter 13 Plan.

### 2.2 Source of Payments to the Chapter 13 Standing Trustee.

All plan payments must be made in the form of certified check, bank check, money order, or electronically via www.tfsbillpay.com.
*Check all that apply.*

☐ The Debtor will make payments pursuant to a payroll deduction order.
■ The Debtor will make payments directly to the Chapter 13 Standing Trustee electronically or at the following address (include case number on payment):
  Roberta Napolitano, Chapter 13 Standing Trustee
  PO Box 610
  Memphis, TN 38101-0610

### 2.3 Income Tax Refunds.

*Check one.*

- ☒ The Debtor will retain any income tax refunds received during the plan term. Note the Chapter 13 Standing Trustee may reduce the Debtor's deduction for payment of taxes in calculating disposable income if this option is selected.
- ☐ The Debtor will supply the Chapter 13 Standing Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return and will turn over to the Chapter 13 Standing Trustee all income tax refunds received during the Chapter 13 Plan term.
- ☐ The Debtor will treat income tax refunds as follows:

### 2.4 Additional Payments.

*Check one.*

- ☒ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

### 2.5 Estimated Total Payments.

The estimated total payments to be made by the Debtor under this Chapter 13 Plan to the Chapter 13 Standing Trustee is:

$ | 63,600.00 |

### 2.6 Order of Payments to Creditors by the Chapter 13 Standing Trustee

Payments by the Chapter 13 Standing Trustee to classes of claims shall be made in the following order:

> 1st – Administrative Claims.
> 2nd - Priority Claims: Subsequent to payment of Administrative Fees, all claims entitled to priority under 11 U.S.C. Sec. 507 as well as 11 U.S.C. 1305 shall be paid as required by 11 U.S.C. Sec. 1322(a)(2) and (a)(4).
> 3rd - Secured claims: Subsequent to the above payments to Priority creditors, secured creditors whose claims are duly proved and allowed, together with interest (if applicable).
> 4th - General unsecured claims: Concurrent with payments to Secured creditors, dividends to general unsecured creditors whose claims are duly proved and allowed.

The Chapter 13 Standing Trustee shall make payments from the funds received from the Debtor pursuant to this Chapter 13 Plan until satisfaction of all costs of administration, all claims entitled to priority under 11 U.S.C. § 507, the present value of all allowed secured claims, and payments to unsecured creditors as provided in this Chapter 13 Plan.

## III.  TREATMENT OF SECURED CLAIMS

### 3.1 Secured Claims That Will Not Be Modified.

Secured claims that will not be subject to a valuation motion pursuant to 11 U.S.C. § 506, or to avoidance pursuant to 11 U.S.C. § 522(f), shall be described in this section.

Check all that apply.

- ☐ None. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

- ☒ There are secured claims where an arrearage will be paid ("cured") through this Chapter 13 Plan and current post-petition payments will be paid ("maintained") by the Debtor. Under a "cure and maintain" plan, the Chapter 13 Trustee will disburse funds paid into this Chapter 13 Plan to cure a pre-petition arrearage. Separately, the Debtor will make regular monthly payments directly to the creditor to maintain post-petition amounts due.
- ☒ There are secured claims that will be paid in full through this Chapter 13 Plan.
- ☐ There are secured claims treated in this Chapter 13 Plan that are not going to be modified.

1. Creditor: Aviation 22, LLC c/0 FCM as Custodian for FIG CT18, LLC

    Last 4 Digits of Account No.: ☐ ☐ ☐ ☐

    Proof of Claim No.:

    ☐ If the Plan proposes to cure and maintain a secured claim:

    Arrearage to be paid through the Plan (Cure): $ _____

    Regular Payment (Maintain) made directly by Debtor: $ _____ /month

    ☒ If the Plan proposes to pay the balance of the secured claim through the Plan:

    Entire balance on Petition Date to be paid through the Plan: $ 34,620.00

    Interest Rate on Balance: 18.000%

    ☐ If there are secured claims that are not going to be modified:

    Payment to be made directly to the Creditor by the Debtor $ _____ /month.

    ☒ Real Property
    ☒ Principal Residence
    ☐ Other (describe)
    Address of Collateral:
    195 Bradley Street, Bridgeport, CT 06610

    Check below regarding real property taxes and insurance:
    ☐ Mortgage payments include escrow for:
       ☐ Real estate taxes
       ☐ Homeowners Insurance
    ☒ Debtor pays directly for:
       ☒ Real estate taxes
       ☐ Homeowners Insurance

    ☐ Personal Property/Vehicle

    Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐-☐☐☐☐

    _____

    *Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

2. Creditor: City of Bridgeport - Tax Collector

    Last 4 Digits of Account No.: ☐ ☐ ☐ ☐

    Proof of Claim No.:

    ☐ If the Plan proposes to cure and maintain a secured claim:

Arrearage to be paid through the Plan (Cure): $ _____

Regular Payment (Maintain) made directly by Debtor: $ _____ /month

■ If the Plan proposes to pay the balance of the secured claim through the Plan:

Entire balance on Petition Date to be paid through the Plan: $ 14,438.00

Interest Rate on Balance: 18.000%

☐ If there are secured claims that are not going to be modified:

Payment to be made directly to the Creditor by the Debtor $ _____ /month.

■ Real Property
  ■ Principal Residence
  ☐ Other (describe)
  Address of Collateral:
  195 Bradley Street, Bridgeport, CT 06610

Check below regarding real property taxes and insurance:
☐ Mortgage payments include escrow for:
  ☐ Real estate taxes
  ☐ Homeowners Insurance
■ Debtor pays directly for:
  ■ Real estate taxes
  ☐ Homeowners Insurance

☐ Personal Property/Vehicle

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Fed.R.Bankr.P. 3002(c) control over any contrary amounts listed above as to the current installment payment and arrearage. In the absence of a contrary, timely filed proof of claim, the amounts stated above are controlling. If relief from the automatic stay is ordered as to any item of Collateral listed in this Section, then, unless otherwise ordered by the Court, all payments under this paragraph by the Chapter 13 Standing Trustee as to that Collateral will cease, and all secured claims based on that Collateral will no longer be treated by this Chapter 13 Plan.

The Debtor shall pay current real property taxes, personal property taxes, and insurance for property (Collateral) to be retained prior to and after confirmation of any Chapter 13 Plan.

**3.2. Secured Claims Subject to Valuation Motion.**

■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**3.3 Secured Claims Subject To Avoidance (11 U.S.C. § 522(f)).**

■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**3.4 Surrender of Collateral.**

■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**IV. TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4)]

**4.1 Applicability Of Post-Petition Interest.**

The Chapter 13 Standing Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4, will be paid in full without post-petition interest. If the court determines the Debtor is solvent or is to be treated as solvent under this Chapter 13 Plan, the Court may order post-petition interest be paid on claims.

Please enter the current interest rate to be paid to the IRS if interest is required to be paid under this Chapter 13 Plan (if the Debtor is being treated as if solvent):    8.000  %

If this Chapter 13 Plan proposes to pay post-petition interest on priority claims because the Debtor is being treated as if he or she were solvent, then interest shall be paid, if applicable, as follows: 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claims; and, 8.00% interest per annum to the Internal Revenue Service's priority and general unsecured federal tax claims.

### 4.2  Trustee's Fees.

The Chapter 13 Standing Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

### 4.3  Administrative Attorney's Fees.    ☐ PRO BONO

An attorney representing a Chapter 13 Debtor is required to file Form B2030, Disclosure of Compensation of Attorney for Debtor, pursuant to Fed.R.Bankr.P. 2016(b).

Is this a modified plan?    ☐ Yes    ☐ No

| Total Fees: | Total Expenses: | Paid Prior to Confirmation: | Balance Due: |
|---|---|---|---|
| $6,000.00 | $313.00 | $4,313.00 | $2,000.00 |

Total Allowance Sought:    $6,313.00   (Fees and Expenses)

Payable    [Check one]    ■ Through this Chapter 13 Plan
$2,000.00                 ☐ Outside of this Chapter 13 Plan

If the total of the Debtor's attorney's fees prior to entry of a confirmation order is $6,000.00 or less, exclusive of costs, the filing of an itemized application for compensation pursuant to 11 U.S.C. § 330 shall be excused unless otherwise ordered by the Court. Local Bankr. R. 2016-2(b). If the total of the Debtor's attorney's fees prior to entry of a confirmation order is more than $6,000.00, exclusive of costs, the filing of an itemized application for compensation pursuant to 11 U.S.C. § 330 is required.

### 4.4  Domestic Support Obligation(s).

■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

### 4.5  Priority Claims.

■ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## V.    TREATMENT OF UNSECURED NON-PRIORITY CREDITORS

### 5.1.  Unsecured Non-Priority Claims, Dividend To Be Paid.

☐ **None**. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☒ **Percentage Plan.** Through this Chapter 13 Plan the Debtor proposes to pay a dividend of

| | 0.000% | over a period of | 60 | months |

to allowed unsecured, non-priority creditors holding claims totaling $0.00.

☐ **Fixed Contribution Plan.** Through this Chapter 13 Plan the Debtor proposes to pay a total of

| $0.00 | over a period of | 0 | months |

to allowed unsecured, non-priority claims on a pro rata basis. The distribution to creditors holding unsecured, non-priority claims under a fixed contribution plan shall not be less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 pursuant to Bankruptcy Code § 1325(a)(4).

If the Debtor is being treated as solvent under this Chapter 13 Plan (so that unsecured creditors receive 100% of their claims plus interest), the interest rate to be paid to unsecured, non-tax claims is the Federal Judgment Interest rate as defined by 28 U.S.C. § 1961, on the date the Order Confirming Chapter 13 Plan is entered on the docket.

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ **None**. *If "None" is checked, the rest of this section need not be completed or reproduced.*

## VII NON-STANDARD PLAN PROVISIONS

☒ **None**. *If "None" is checked, the rest of this section need not be completed or reproduced.*

**EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR ORDER CONFIRMING THE PLAN, PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR UPON ENTRY OF AN ORDER CONFIRMING THIS CHAPTER 13 PLAN PURSUANT TO 11 U.S.C. § 1327(b).**

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By signing and filing this document each Debtor certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Connecticut Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII.**

| /s/ Sarah M. Young | |
|---|---|
| Debtor (Signature) | Joint Debtor (Signature) |

| Sarah M. Young | 8/2/2024 | | |
|---|---|---|---|
| Debtor (Type Name) | Date | Joint Debtor (Type Name) | Date |

| /s/ Marjorie R. Gruszkiewicz | 8/2/2024 |
|---|---|
| Attorney with permission to sign on Debtor's behalf | Date |

[Note: Each attorney signature on this document is subject to Fed.R.Bankr.P. 9011.]

Note: An original document with the Debtor's inked signature must be maintained by Debtor's attorney.